UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 07-81013-CIV-MARRA/JOHNSON

ASHLEY VACCARO,
on her own behalf and others
similarly situated

    Plaintiff

v.

CANDIDATES ON DEMAND GROUP,
INC., a foreign corporation

    Defendant.
_____/

**ORDER AND OPINION GRANTING MOTION
TO AUTHORIZE NOTICE TO POTENTIAL CLASS MEMBERS**

THIS CAUSE is before the Court upon Plaintiff's Motion to Authorize Notice to Potential Class Members [DE 26]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

Plaintiff Ashley Vaccaro ("Vaccaro" or "Plaintiff"), a former employee of defendant Candidates on Demand Group, Inc. ("Candidates" or "Defendant"), worked for Defendant as an Executive Recruiter in North Palm Beach, Florida from January 22, 2007 to October 18, 2007. (Compl. ¶ 1; Vaccaro Decl. ¶ 1). Plaintiff and other recruiters/consultants were paid on a salaried draw and commission basis. Vaccaro brings a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of all current and former employees, however titled, providing

recruiting or placement services of a non-exempt nature throughout the United States for the benefit of Candidates on Demand Group, Inc. at any time from on or after October 2004 without overtime compensation.  DE 26 at 11-12.

To date, the named Plaintiff in the instant case has been joined by another ten recruiters/consultants seeking their unpaid overtime.  Vaccaro has filed declarations of opt-in Plaintiffs Lorraine Belasco ("Belasco") and Sharon Otero ("Otero").  (DE 27). Belasco, who worked for Defendant from April 2006 to February 2007, and Otero, who worked for Defendant from May 2006 to October 2007, claim they regularly worked over 40 hours per week during their employment with Defendant and did not receive additional overtime compensation for all of the overtime hours they worked. (Belasco and Otero Decls. ¶ ¶ 7-8).

As recruiters, Vaccaro, Belasco and Otero searched for and placed candidates for employment in the positions for which Candidates was retained to recruit. (Vaccaro, Belasco and Otero Decls. ¶ 3).  It is asserted these duties are similar to those of every recruiter or consultant working for Candidates, however titled, and regardless of the industry for which the employee is recruiting.  (Vaccaro, Belasco and Otero Decls. ¶ 4).  The Declarants claim other employees performing the same functions also regularly worked overtime hours.  (Vaccaro, Belasco and Otero Decls. ¶ 9).  The Declarants further assert that all persons performing the same duties were similarly compensated in that they were paid on a salaried draw and commission basis, but not paid overtime.  (Vaccaro, Belasco and Otero Decls. ¶ 6).  Vaccaro,

Belasco and Otero were not aware of any employees who provided recruiting or placement services on behalf of Candidates who were paid for overtime. (Vaccaro, Belasco and Otero Decls. ¶ 10). Vaccaro, Belasco and Otero believe that other former recruiters would join this suit if they were given notice of it and the opportunity to join. (Vaccaro, Belasco and Otero Decls. ¶ 11).

According to Plaintiff, the evidence submitted demonstrates that there are similarly situated employees who wish to opt-in to this lawsuit and therefore the Eleventh Circuit standard for a conditional certification of a class action under the FLSA is met. Defendant has chosen not to file a response to the instant motion.

II.  Discussion

The FLSA provides that an action for overtime compensation "may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The Eleventh Circuit Court of Appeals has outlined a two-tiered procedure to guide district courts in deciding whether plaintiffs are "similarly situated" for purposes of class certification under § 216(b). *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); see *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003) ("Hipp outlined a two-tiered procedure that district courts should use in certifying collective actions under § 216(b) . . ."). At the "notice stage" of the two-tiered procedure, a court's determination is "usually based only on the pleadings and any affidavits which have been submitted." *Hipp*, 252 F.3d at 1218

quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id*. In addition, before certifying an action as a collective action under § 216(b), the district court "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' . . . ." *Dybach v. State of Florida Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). The second stage of the two-tiered procedure usually occurs at the end of discovery upon the defendant's motion for decertification of the class. *Hipp,* 252 F.3d at 1218. At the second stage, the court has much more information on which to base its decision and makes a factual determination on the similarly situated question. *Id*.

Following the Eleventh Circuit's directive, this Court will consider the request for court-supervised notification under the first stage of the two-tiered procedure outlined in *Hipp*. Hence, the Court will look to the pleadings and affidavits on record to determine whether there are substantial allegations showing that the named Plaintiff is similarly situated to the putative class members. In addition, the Court will determine whether there is evidence in the record indicating that other individuals wish to join this lawsuit.

Vaccaro's evidence, consisting of the Complaint, three sworn declarations, and notices of consent to join by ten former employees of Defendant, is sufficient to satisfy the first tier analysis articulated in *Hipp* and warrant a conditional

certification of a representative class.  Vaccaro, Belasco and Otero claim they worked as recruiters at Defendant's offices in North Palm Beach, Florida; New York, New York; and Glastonbury, Connecticut.  Despite the different locations, they assert they performed substantially similar duties in furtherance of Defendant's recruiting business; that is, each communicated on behalf of Defendant with clients and candidates in order to recruit and place the candidates with jobs that the clients needed to fill.  (Vaccaro, Belasco and Otero Decl. ¶¶ 3-5).  In addition, they uniformly allege that Defendant regularly failed to pay them all of the overtime pay due them.  The other eight opt-in plaintiffs are likewise former employees of Candidates who claim they  provided recruiting or placement services of a non-exempt nature on a salaried-draw-and-commission basis without being paid for overtime hours worked - and they have joined this cause of action to recover the same damages.  Belasco and Otero also address the existence of other non-exempt employees that would opt-in if given the opportunity: "Based upon my impression from conversations with other former recruiters of [Candidates}, additional persons who held these positions would opt into the case if they were given notice of their right to overtime pay and information concerning how to submit a claim." (Belasco and Otero Decls. ¶ 11). *See Reyes v. Carnival Corp.,* No. 04-21861-CIV, 2005 WL 4891058, * 6 (S.D. Fla. May 25, 2005) (affidavits based on personal knowledge, observation and experience provide a sufficient basis to infer that others were treated similarly).  Together, the Complaint, the declarations, and the notices of consent to join, present adequate evidence that

others desire to join this action. *Id*. (the affidavits of the plaintiff and two opt-in plaintiffs provided sufficient basis to demonstrate interest of others to opt-in). Lastly, the putative plaintiffs are similar in that they all claim to be non-exempt employees who worked for Candidates performing similar tasks and suffering from the same alleged improper payment practices.

III. Conclusion

      Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

      1.    Plaintiff's Motion to Authorize Notice to Potential Class Members [DE 26] is GRANTED. Vaccaro is authorized to give notice of this lawsuit to all current and former recruiters/consultants, however titled, who provided recruiting or placement services in furtherance of the business of Candidates on Demand Group, Inc. throughout the United States at any time from October, 2004 to the present and who were not paid overtime compensation.

      2.    Within twenty days of the date of this Order, Defendant shall provide to Plaintiff's counsel, the names, addresses, dates of employment, and telephone numbers of all current and former recruiters/consultants, however titled, who provided recruiting or placement services for one or more weeks in furtherance of the business of Candidates on Demand Group, Inc. throughout the United States at any time from October, 2004 to the present. Upon delivery of this list, Defendant shall promptly file a notice of compliance with this part of the Court's Order.

3.      After Plaintiff's counsel receives all such information from Defendant, Plaintiff's counsel is authorized to give notice to the individuals in the conditionally certified class and shall do so within a reasonable time from delivery.  The form of "Notice of Right to Join" and the associated form of "Consent to Join" for individuals in the plaintiff class shall be substantially in the forms attached as Exhibit "A"[1] (DE 26-2) and Exhibit "B" (DE 26-3) respectively, to Plaintiff's Motion to Authorize Notice to Potential Class Members; and they shall all be mailed on the same day via first class U.S. Mail.  The mailing shall be at the sole cost and expense of Plaintiff to all individuals disclosed by Defendant; the mail shall be dated with the date of mailing; and it shall allow each individual up to 60 days from the date of mailing in which to return a "Consent to Join" form to Plaintiff's counsel.  Upon mailing the "Notice of Right to Join," Plaintiff's counsel shall promptly file a notice of compliance with this part of the Court's Order.

4.      Upon receipt of a Consent Form from an opt-in plaintiff, Plaintiff's counsel shall stamp the Consent Form with the date of receipt of the Consent Form.  With regard to these duties, Plaintiff's counsel shall be acting as an Officer of the Court.

---

[1] The Court detects a possible typographical error on page 3 of 5 where the form refers to "the *merchandisers* filing this lawsuit."

5. At the conclusion of the opt-in period, Plaintiff's counsel shall file all of the Consent Forms as a single filing with the Clerk of the Court.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of April, 2008.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record